■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT WILLIAMS, Appellant. [648 NYS2d 937] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered June 21, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

It is well settled that in reviewing suppression issues, great weight must be accorded to the determination of the hearing court, which had the advantage of seeing and hearing the witnesses. Its determination should not be set aside unless clearly unsupported by the record (*see, People v Prochilo,* 41 NY2d 759). Here, the hearing court properly permitted the prerecorded money used for the narcotics purchase, as well as the identification testimony, to be admitted into evidence, and there is no reason on this record to set aside the hearing court's determination. Moreover, the trial court did not improvidently exercise its discretion in ruling that there would be no sidebar conferences held during voir dire (*see, People v Vargas,* 88 NY2d 363).

The defendant's remaining contentions, including that raised in the supplemental brief, are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.